57 F.3d 1069
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Eddie Lee GALLOWAY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-6410.
 United States Court of Appeals, Sixth Circuit.
 June 14, 1995.
 
 1
 Before: MARTIN and SILER, Circuit Judges, and JOINER, Senior District Judge.*
 
 
 2
 Eddie Lee Galloway, a pro se federal prisoner, appeals a district court order denying his motion to vacate, set aside, or correct his sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Galloway pleaded guilty in 1980 to charges of conspiracy and mail fraud and was sentenced to a total of 36 months in prison. A panel of this court affirmed Galloway's conviction and sentence on direct appeal in an unpublished opinion. Thereafter, Galloway filed the first of his three Sec. 2255 motions raising the sole (and unsuccessful) issue of double jeopardy. In 1993 he filed a second motion to vacate, presenting two grounds for relief: (1) his conviction was obtained through the illegal use of an electronic surveillance device, and (2) his Sixth Amendment rights were violated when a codefendant secretly taped telephone conversations in contravention of Massiah v. United States, 377 U.S. 201 (1964). The district court denied that motion and Galloway's appeal to this court was dismissed for want of prosecution.
 
 
 4
 In his present motion to vacate, Galloway raises the identical two grounds for relief that were rejected in his second Sec. 2255 motion. The district court summarily denied this motion as successive in an order filed on June 13, 1994, and warned Galloway that a third attempt to raise the same issues could result in sanctions.
 
 
 5
 On appeal, Galloway continues to argue the merits of his grounds for relief without addressing the district court's basis for denial.
 
 
 6
 Upon review, we affirm the district court's order because Galloway's motion is successive within the meaning of Rule 9(b), Rules Governing Section 2255 Cases, and he has failed to show that his grounds for relief warrant reconsideration. See Sanders v. United States, 373 U.S. 1, 15, 17 (1963).
 
 
 7
 Accordingly, the district court's order, entered on June 15, 1994, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation